## JOHN EVANS et al. v. WILLIAM SWAIN.

Supreme Court. Sussex. March, 1799.

*Wilson's Red Book, 222.*

*Bayard* and *Ridgely* for plaintiffs. *Wilson* for defendant.

Plaintiff claimed under a warrant of two hundred acres, which was laid on double the quantity of land, and doubts were when, where, and by whom the warrant was surveyed. It was proved by Captain Collins that in 1790, in the division of plaintiff's father's lands, it was estimated at two hundred acres, on his cross examination by plaintiff's counsel. Plaintiffs' counsel then offered a plot, which William Robins, plaintiff's witness, one of the five freeholders with Collins, swore he had run on the occasion mentioned by Collins, not signed by freeholders nor returned to office; their oath was endorsed on it in 1797.

*Wilson* objected that the production is not legal evidence, not being signed nor perfected. That it is inchoate, being to be subjected to the examination of the Orphans' Court, who may, and from its present appearance will, reject it. It is like a writ which has never been returned, and which a court of law will take no notice of while it is in the officer's hands. What Mr. Collins said came out upon plaintiffs' cross examination; what he said was plaintiffs' evidence and did not entitle the plaintiffs to show their paper. And Collins was not asked, and did not say anything, about a plot; if he had, the plot would have been better evidence than his recollection of it. But he spoke of a fact that the warrant was estimated at two hundred acres; if he is wrong, his evidence ought to be oppugned by competent evidence.

*Bayard* and *Ridgely*. This plot, though not of itself legal evidence, yet it is the best evidence of the fact alluded to by Collins that can be had and admissible to correct what he has said.

JOHNS, C. J. You may make use of this plot as to the fact spoken of by Collins, but for no other purpose.

Defendant's counsel offered Deputy Surveyor's books of Sussex, *liber* A. to show that in 1729 surveyors would only survey the lands contiguous to the owner of the warrant and would leave lands, to suit the convenience of others who had then no warrants, which might have been surveyed under the warrants then in their hands.

*Ridgely* objected the survey particularly alluded to and offered was made in 1729 by Robert Shankland under a warrant granted to Henry Draper, but the surveyor only gave him 65 acres of the vacancy and surveyed 178 to Alexander Draper and 27 acres to Thomas Davis. This fact is irrelevant, for the jury are only

to find the date etc. of this survey. This book, though evidence when competent, yet is improper on these issues.

*Bayard.* 1 Esp. 43. A record, though between the same parties, is not evidence because not conclusive to the fact. This book is improper evidence under these issues.

*Wilson.* The case cited only shows that evidence of a fact in itself irrelevant is inadmissible, but this book is offered to prove a practice which must have been deviated from if plaintiffs' survey is established.

JOHNS, C. J. This book is produced to prove a practice and may be read.

*Wilson* wished to ask a witness, who had been sworn, a question that had become necessary by the arguments.

*Ridgely* mentioned the case of *Hudson and Townsend,* which he said had been confirmed by a case decided in Kent.

*Wilson* denied the case of *Hudson v. Townsend* to be law and thought the practice otherwise in England. That case had been partly overruled by the same court. The practice in Maryland is constantly otherwise.

JOHNS, C. J. Such practice would be highly inconvenient and improper. I do not recollect anything of a contrary practice in the books.